IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-0612 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING STAY** |
| ROBERT MANNING, | |
| Defendant. | |

The Court previously granted stays in Section 2255 petitions that challenged sentences enhanced under the residual clause of the Guidelines under *Johnson v. United States,* 576 U.S.___, 135 S. Ct. 2551 (2015)*. See  United States v. Khatib,* No. CR 12-0193 WHA (July 14, 2016); *United States v. Dunlap,* No. CR 10-400 WHA (July 15, 2016)*; United States v. Trujillo,* No. CR 10-00605 WHA (July 15, 2016).

The difficulty is that if *Beckles* extends the *Johnson* holding to the similarly-worded residual clause in the guidelines, then defendant would likely be sentenced to time served. When the Supreme Court finally decides *Beckles*, and if it decides *Beckles* adversely to the government, the Court foresees that the government will be faced with dozens of petitions in which it will seek to justify a longer sentence under theories of upward departures or variances and will ask for further extensions of time because of the large volume of these cases.  This would in effect prolong the sentences of defendants who possibly deserve to be released right now and will prejudice the opportunity of the Court to do the right thing in these cases. Accordingly, the Court is now of the view that in cases where the defendant is likely to be

sentenced to time served if *Beckles* goes against the government, briefing should proceed on schedule without any stay and that the government should make all of its arguments for variances and upward departures now. This will avoid the time crunch referenced above and the concomitant delay that will inevitably flow from the prosecutor's office. Therefore, the application for stay is **DENIED** in this case.

**IT IS SO ORDERED.**

Dated: August 5, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE